# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 23, 2010

No. 09-20648

Lyle W. Cayce
Clerk

MICHAEL P. BOTT; DELORIS GORDON; LAUREL HUDSON;
JONATHAN MOOREFIELD; SUSAN OLMSTED; PHILLIP PACETTI;
RENEE WEST; KEVIN WOOLLEY; ASHLEY MITCHELL;
MILES-KEVIN BARON, Doing Business as Victory-Riders.com,

Plaintiffs-Appellants,

versus

VISTAPRINT USA INC.; ADAPTIVE MARKETING LLC;
VERTRUE INC.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-MD-1994

Before DAVIS, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs sued under the Electronic Funds Transfer Act, the Electronic Communications Privacy Act, the Massachusetts Unfair Trade Practices Act, and the common law, alleging that they were tricked into enrolling in certain membership programs when they used defendants' websites. The various actions were transferred to the district court *a quo* by the Judicial Panel on Multi-district Litigation. Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that their webpages were not deceptive as a matter of law, because they contained sufficient disclosures such that no reasonable person could be deceived.

The district court agreed with defendants and dismissed. In a well-reasoned, detailed Memorandum and Order entered on August 31, 2009, the court held that the subject webpages were not deceptive as a matter of law and that "plaintiffs' allegation regarding the deceptive nature of the webpages at issue is clearly and unequivocally refuted by the webpages themselves . . . ." *In re Vista-Print Corp. Mktg. & Sales Practices Litig.*, No. MDL 4:08-MD-1994, 2009 U.S. Dist. LEXIS 77509, at *14 (S.D. Tex. Aug. 31, 2009) (Atlas, J.). The court properly observed that

> [a] consumer cannot decline to read clear and easily understandable terms that are provided on the same webpage in close proximity to the location where the consumer indicates his agreement to those terms and then claim that the webpage, which the consumer has failed to read, is deceptive.

Id. at *20.

In addition, the district court examined the claims made under each as-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

serted cause of action and theory of recovery.  The court's detailed analysis is compelling in explaining that each claim is entirely without merit.

We have reviewed the briefs and applicable law and have consulted applicable portions of the record.  There is no error.  The judgment is AFFIRMED, essentially for the reasons stated by the district court.[1]

---

[1] We decline plaintiffs' request that we take judicial notice of certain documents not presented to the district court.